IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02510-BNB

WESLEY BROWN, also known as
WESLEY R. "WOLF" BROWN, also known as
WOLF, also known as
WESLEY R. BROWN,

      Plaintiff,

v.

J. DOE, Civilian or Denver County Deputy Sheriff in charge of Legal Research for
      Denver County Jail Inmates,

      Defendant.

---

ORDER OF DISMISSAL

---

      Plaintiff, Wesley Brown, also known by aliases listed in the caption to this order, currently is incarcerated at the Denver County Jail.  Mr. Brown initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 4).

      Because Mr. Brown has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the Court must dismiss the action if Mr. Brown's claims are frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the Prisoner Complaint liberally because Mr. Brown is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Mr. Brown contends that the e-law library for the Denver Jail system is inadequate because the instruction book on how to use a computer to access the system is insufficient.  As a result, he maintains he was forced to handwrite three pleadings pertinent to a removal, a plea agreement, and a motion for reconsideration of sentence.  He also argues that because he was denied an instruction book, photocopies, and research assistance as allegedly set forth in the Inmate Handbook, he has been denied effective access to the courts.

Mr. Brown's access-to-the-courts claim is legally frivolous.  "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  However, a prisoner's access-to-the-courts claim lacks merit in the absence of an actual injury in the prisoner's ability to pursue a nonfrivolous legal claim.  *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam).

2

A prisoner "must demonstrate actual injury from interference with his access to the court-that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or conditions of confinement." *Gee v. Pacheco*, 627 F.3d 1178, 1991 (10th Cir. 2010) (citing *Lewis*, 518 U.S. at 351-55). Furthermore, the right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his or her current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir.1995). *See also Lewis*, 518 U.S. at 354 (disclaiming statements in *Bounds* suggesting that the State must enable the prisoner to *litigate effectively* once in court) (original emphasis).

Here, Mr. Brown does not allege that he suffered any actual injury, and he fails to identify any nonfrivolous legal claim that he was unable to pursue. His complaint that he was denied access to the courts because he had to handwrite pleadings is without merit. Therefore, the access-to-the-courts claim and the Prisoner Complaint will be dismissed as legally frivolous.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this __16th__ day of ____October_____, 2013.

BY THE COURT:


__ s/Christine M. Arguello_____
CHRISTINE M. ARGUELLO
United States District Judge, for
LEWIS T. BABCOCK, Senior Judge
United States District Court